UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| BROADCAST MUSIC, INC., et al. )<br> )<br>    Plaintiffs )<br> )<br>v. )<br> )<br>MARINA VIEW CORPORATION d/b/a )<br>    SKYLINE BAR & GRILL, et al. )<br> )<br>    Defendants )<br>_____) | Civil Action No.<br><br>05-11845 RCL |

## DEFENDANTS ANSWER TO COMPLAINT

Defendants, Marina View Corporation, Grimoaldo A. Ruscito, Anthonio C. Ruscito, and Anthony Ruscito answer the Complaint of Broadcast Music, Inc. et al., as follows:

1. Defendants say that paragraph 1 is a statement of jurisdiction of this action which they are not required to answer.

2. Defendants say that paragraph 2 is a statement of the venue of this court which they are not required to answer.

3. Defendants deny each and every allegation contained in paragraph 3 of the complaint.

4. Defendants deny each and every allegation contained in paragraph 4 of the complaint.

5. Defendants admit that Marina View Corporation is a Massachusetts corporation and that it is established as alleged. Defendants deny each and every remaining allegation contained in paragraph 5.

6. Defendants admit that Grimoaldo A. Ruscito is an officer of Marina View Corporation but they deny each and every remaining allegation contained in paragraph 6.

7. Defendants admit that Antonio C. Ruscito is an officer of Marina View Corporation but they deny each and every remaining allegation contained in paragraph 7.

8. Defendants admit that Antonio C. Ruscito is a director of Marina View Corporation but they deny each and every remaining allegation contained in paragraph 8.

9. Defendants deny each and every allegation contained in paragraph 9.

10. Defendants deny each and every allegation contained in paragraph 10.

11. Defendants deny each and every allegation contained in paragraph 11.

12. Defendants repeat and reallege each of their answers to paragraphs 1 through 11 of the complaint as if restated herein in their entirety.

13. Defendants deny each and every allegation contained in paragraph 13 of the complaint.

14. Defendants deny each and every allegation contained in paragraph 14 of the complaint.

15. Defendants deny each and every allegation contained in paragraph 15 of the complaint.

16. Defendants deny each and every allegation contained in paragraph 16 of the complaint.

17. Defendants deny each and every allegation contained in paragraph 17 of the complaint.

18. Defendants deny each and every allegation contained in paragraph 18 of the complaint.

19. Defendants deny each and every allegation contained in paragraph 19 of the complaint.

20. Defendants deny each and every allegation contained in paragraph 20 of the complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

As a first separate affirmative defense, defendants allege that the complaint does not state facts sufficient to constitute a claim or claims for relief against defendants.

### SECOND AFFIRMATIVE DEFENSE

As a second separate affirmative defense, defendants allege that by virtue of plaintiffs' acts, omissions and conduct, plaintiffs have voluntarily and knowingly relinquished and waived any and all rights and claims against defendants.

### THIRD AFFIRMATIVE DEFENSE

As a third separate affirmative defense, defendants allege that plaintiffs are estopped to prosecute their purported claims against defendants.

### FOURTH AFFIRMATIVE DEFENSE

As a fourth separate affirmative defense, defendants state that the plaintiffs abused the copyrights that they allegedly own by not adequately investigating the alleged public performances of the musical compositions by defendants, and therefore plaintiffs should be estopped from recovering judgment herein.

### FIFTH AFFIRMATIVE DEFENSE

As a fifth separate affirmative defense, defendants allege that each claim for relief is barred by applicable statute(s) of limitation(s).

### SIXTH AFFIRMATIVE DEFENSE

As a sixth separate affirmative defense, defendants state that if they publicly performed any musical compositions as alleged, such public performances were fair use under the Copyright Act, and therefore Defendants owe the plaintiffs nothing.

### SEVENTH AFFIRMATIVE DEFENSE

As a seventh separate affirmative defense, defendants state that some or all of the musical compositions as alleged, were either not registered or were improperly registered with the Copyright Office at the Library of Congress as required by the Copyright Act, and therefore this court does not have jurisdiction over the claims and defendants owe the plaintiffs nothing.

### EIGHTH AFFIRMATIVE DEFENSE

As a eighth separate affirmative defense, defendants state that some or all of the musical compositions as alleged, were either not registered or were improperly registered with the Copyright Office at the Library of Congress as required by the Copyright Act, and therefore plaintiffs are not entitled to the relief requested and defendants owe the plaintiffs nothing.

### NINTH AFFIRMATIVE DEFENSE

As an ninth separate affirmative defense, defendants state that if they publicly performed any musical compositions as alleged, such public performances were licensed performances under the Copyright Act, and therefore Defendants owe the plaintiffs nothing.

### TENTH AFFIRMATIVE DEFENSE

As a tenth separate affirmative defense, defendants state that if they publicly performed any musical compositions as alleged, such public performances were exempt from licensing fees under the so-called "Fairness in Music Licensing Act" and therefore defendants owe the plaintiffs nothing.

WHEREFORE, defendants pray for judgment as follows:

a. That plaintiffs take nothing by means of their action and that said action be dismissed;
b. For reasonable attorney's fees incurred herein;
c. For costs of suit incurred herein;
d. For such other and further legal and equitable relief as this Court may deem just and proper.

### DEFENDANTS CLAIM TRIAL BY JURY

By their attorneys,

s/ Andrew D. Epstein

_____
Andrew D. Epstein, Esquire
BBO No. 155-140
Barker, Epstein & Loscocco
10 Winthrop Square
Boston, MA  02110
(617) 482-4900
FAX: (671) 426-5251
Photolaw@AOL.com