# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BROADCAST MUSIC, INC.; <br> UNIVERSAL-SONGS OF POLYGRAM <br> INTERNATIONAL, INC.; <br> SONY/ATV SONGS LLC d/b/a SONY/ATV <br> TREE PUBLISHING; DYNATONE PUBLISHING <br> COMPANY; RONDOR MUSIC <br> INTERNATIONAL, INC. d/b/a IRVING MUSIC; <br> JAMES WILLIAM BUFFETT a/k/a JIMMY <br> BUFFETT, an individual d/b/a CORAL REEFER <br> MUSIC; FOUR- TEENTH HOUR MUSIC INC.; <br> SPRINGTIME MUSIC, INC.; EMI VIRGIN <br> SONGS, INC. d/b/a EMI FULL NELSON MUSIC; <br> FREDERICK S. BIENSTOCK and <br> HAMMERSTEIN MUSIC & THEATRE <br> COMPANY, INC., a Connecticut Partnership d/b/a <br> EDWARD B.MARKS MUSIC COMPANY; <br> DANDELION MUSIC CO., A Division of <br> JAMIE MUSIC PUBLISHING CO.; PRONTO <br> MUSIC, a division of COTILLION MUSIC, INC.; <br> QUINON R. IVY d/b/a QUINVY MUSIC <br> PUBLISHING CO.; WARNER-TAMERLANE <br> PUBLISHING CORP.; JEFF TROTT d/b/a <br> TROTTSKY MUSIC; SHERYL SUZANNE <br> CROW d/b/a OLD CROW MUSIC; SONGS OF <br> UNIVERSAL, INC.; LISA ANNE LOEB, <br> an Individual d/b/a FURIOUS ROSE MUSIC; <br> JUAN P. PATINO, an individual d/b/a <br> JUAN PATINO MUSIC PUBLISHING, <br><br> Plaintiffs, <br><br> v. <br><br> MARINA VIEW CORPORATION d/b/a <br> SKYLINE BAR & GRILL, <br> GRIMOALDO A. RUSCITO, <br> ANTONIO C. RUSCITO and <br> ANTHONY RUSCITO, each individually, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> )     Civil Action No.: 05 11845 RCL <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT
## OF THEIR MOTION FOR SUMMARY JUDGMENT

Plaintiffs have moved for summary judgment because there are no genuine issues of material fact in this case. The undisputed evidence shows (1) that Plaintiffs are the owners of copyright in the twelve musical compositions identified in their Complaint, (2) that these compositions were performed without permission on the premises of Skyline Bar & Grill, and (3) that such premises were at the relevant time owned by Defendant Marina View Corporation and operated by Defendants Grimoaldo A. Ruscito, Antonio C. Ruscito and Anthony Ruscito. Such unauthorized performance of their music constitutes an infringement of Plaintiffs' copyrights, Plaintiffs are entitled to summary judgment that such infringement has occurred, and to the remedies that the law allows for infringement.

### STATEMENT OF FACTS

The facts stated below derive primarily from the following sources:

1.  Affidavit of Lawrence E. Stevens, who is Assistant Vice-President, General Licensing for plaintiff Broadcast Music, Inc. ("BMI") (the "Stevens Affidavit,");

2.  Affidavit of Judith Saffer, Assistant General Counsel of BMI (the "Saffer Affidavit");

3.  Affidavit of Amy C. Mainelli, counsel for Plaintiffs (the "Mainelli Affidavit"); and

4.  Plaintiffs' First Request For Admissions To Defendants.

With respect to Plaintiffs' Request for Admissions, because Defendants never responded or objected to any of the items in that Request – see Mainelli Affidavit at ¶8 – they are deemed to have admitted the facts stated therein. F.R.C.P. Rule 36 ("The matter is admitted unless … the party to whom the request is directed serves upon the party requesting the admission a written answer or objection…")

2

Each item so admitted is referred to hereinafter as "Admissions, ¶XXX."

The relevant facts are as follows:

1.    Plaintiff Broadcast Music, Inc. ("BMI"), is specifically identified in the Copyright Act as a "performing rights society" which licenses the right to publicly perform copyrighted musical works on behalf of the copyright owners of these works. 17 U.S.C. § 101. The other Plaintiffs are the copyright owners of various compositions which are the subject of this lawsuit. Under the Copyright Act, the owners of copyrights in musical compositions possess the exclusive right to authorize public performances of their works. 17 U.S.C. § 106(4).

2.    Through agreements with copyright owners such as music publishing companies and independent composers, BMI acquires non-exclusive public performance rights. BMI has acquired such rights from each of the other Plaintiffs in this action. BMI, in turn, grants to music users such as broadcasters and the owners and operators of concert halls, restaurants, nightclubs and hotels, the right to publicly perform any of the works in BMI's repertoire by means of "blanket license agreements". Saffer Affidavit at ¶2. These agreements have been recognized as the most practical means to exploit copyright owners' public performance rights. *See Broadcast Music, Inc. v. Columbia Broadcasting Sys., Inc.*, 441 U.S. 1 (1979); *Broadcast Music, Inc. v. Moor-Law, Inc.*, 484 F. Supp. 357 (D. Del. 1980), 527 F. Supp. 758 (D. Del. 1981), *aff'd without op.*, 691 F. 2d 490 (3rd Cir. 1982).

3.    BMI operates as a non profit-making music performing rights organization. It distributes all of the money it collects in license fees from music users as royalties to its affiliated publishers and composers, after the deduction of operating expenses and

3

reasonable reserves.  Saffer Affidavit at ¶3.

4.     The Defendants Marina View Corporation, Grimoaldo A. Ruscito, Antonio C. Ruscito and Anthony Ruscito own and operate Skyline Bar & Grill ("Skyline") located at 305 Victory Road, Quincy, Massachusetts 02171. Admissions, ¶1-4.

5.     Skyline provides musical entertainment to its patrons, including the musical entertainment provided on April 13 and 14, 2005. Admissions, ¶8.

6.     Between February 16, 2004 and July 20, 2005, BMI repeatedly informed the Defendants of the need to obtain permission for public performances of copyrighted music.  Stevens Affidavit, ¶ 3-7.  Admissions ¶25 and Exhibits thereto.  BMI also repeatedly offered to enter into a license agreement with the Defendants, but the Defendants refused to respond and failed to enter into a license agreement.  Stevens Affidavit at ¶7, 10.

7.     On December 27, 2004, BMI instructed the Defendants to cease public performances of music licensed by BMI. Stevens Affidavit at ¶6. Nevertheless, public performances of BMI-licensed music continued at Skyline Bar & Grill after that date.  More specifically, performances of twelve musical compositions owned by the Plaintiffs occurred at Skyline on the evenings of April 13, 2005 and April 14, 2005. Stevens Affidavit, ¶11 Admissions, ¶13,14.   Such performances were without authorization from any plaintiff. Stevens Affidavit at ¶10.  Admissions, ¶24.

8.     The compositions performed without authorization are listed on Schedule A to Plaintiffs' Complaint.  Schedule A shows, for each composition, the copyright owner plaintiff and copyright registration date and number.  Admissions, ¶17-20.

9.     On the dates in question, April 13, 2005 and April 14, 2005, defendants Grimoaldo

4

A. Ruscito, Antonio C. Ruscito and Anthony Ruscito had the right and ability to direct and control the activities of Skyline, including but not limited to the performance of music on its premises, and also had a direct financial interest in Skyline. Admissions, ¶9-11.

10.    Plaintiffs commenced this action for copyright infringement on September 12, 2005. The Defendants' Answer was filed on or about December 5, 2005. The Plaintiffs' First Request for Admissions was served on February 22, 2006. A copy is attached to the Saffer Affidavit as Exhibit A. Defendants failed to respond to Plaintiffs' Request for Admissions within the time provided by Fed.R.Civ.P. 36 or at any time thereafter. Mainelli Affidavit, ¶8.

## ARGUMENT

## I. PLAINTIFFS ARE ENTITLED TO SUMMARY JUDGMENT

Rule 56(c) of the Federal Rules of Civil Procedure states that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no *genuine* issue as to any *material* fact and that the moving party is entitled to a judgment as a matter of law." This standard provides that "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-248 (1986). Moreover, "when a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon mere allegations or denials ... but the adverse party's response ... must set forth specific facts showing that there is a genuine issue for trial." F.R.Civ.P. 56(e).

## A.    There Are No Genuine Issues Of Material Fact

The Copyright Act provides the owner of a copyright with the exclusive right to perform, or to authorize others to perform, the copyrighted work. 17 U.S.C. § 106(4). Any person who violates this exclusive right is an infringer. 17 U.S.C. § 501(a). In an action for infringement, the copyright owner may seek statutory damages, 17 U.S.C. § 504(c), injunctive relief, 17 U.S.C. § 502, and attorney's fees and costs, 17 U.S.C. § 505.

In order to prevail in an action for copyright infringement, the Plaintiffs must establish the following five elements:

1.    Originality and authorship of the copyrighted works involved;

2.    Compliance with the formalities of the Copyright Act;

3.    Proprietary rights in the copyrighted works involved;

4.    Public performance of the compositions involved; and

5.    Lack of authorization for public performance.

*Broadcast Music, Inc. v. Pine Belt Inv. Developers, Inc.*, 657 F. Supp. 1016, 1020 (S.D. Miss. 1987); *Sailor Music v. Mai Kai of Concord, Inc.*, 640 F. Supp. 629, 632 (D.N.H. 1986); *Milene Music v. Gotauco*, 551 F. Supp. 1288, 1292 (D.R.I. 1982); *Boz Scaggs Music v. KND Corp.*, 491 F. Supp. 908, 912 (D. Conn. 1980).

The first three elements have been admitted by Defendants, and are also established as a matter of law by the Certificates of Registration, the existence and authenticity of which have been admitted by Defendants. 17 U.S.C. §410(c). *See also* Safer Affidavit, ¶4, *Broadcast Music, Inc. v. Pine Belt Investment Developers, Inc.*, 657 F. Supp. at 1018, 1020; *Milene Music, Inc. v. Gotauco*, 551 F. Supp. at 1292.

The fourth element, public performance, has been admitted by Defendants and is further

6

established through the Certified Infringement Reports of Derek Addams who was hired by BMI for the purpose of visiting the establishment and making written reports of musical compositions which were performed. Mr. Addams' certified reports are attached to the Stevens Affidavit as Exhibit A. *See also Pine Belt Inv. Developers, Inc.*, 667 F. Supp. at 1020; *Sailor Music* 640 F. Supp. at 629.

The fifth element, lack of authorization, is similarly established in the Stevens Affidavit and the Admissions. Despite numerous offers, and then numerous demands, by Plaintiff BMI on behalf of all plaintiffs, Defendants did not enter into a BMI license agreement nor were the performances otherwise authorized. Moreover, Defendants continued to publicly perform copyrighted music without permission after being instructed to cease, as indicated by the Certified Infringement Reports. Stevens Affidavit, ¶10-11. Defendants admit that they were not licensed by BMI on the evening of April 13, 2005 and the early morning of April 14, 2005 and that they received correspondence from BMI, including letters which specifically instructed them to cease unauthorized performances of BMI-licensed music.

**B.    Defendants Are Vicariously Liable for Acts of Infringement Committed at Skyline Bar & Grill**

17 U.S.C. § 501(a) provides that "[a]nyone who violates any of the exclusive rights of the copyright owner as provided by Sections 106 through 121 . . . is an infringer of the copyright . . ." Interpreting the equivalent section under the Copyright Act of 1909, the Second Circuit Court of Appeals stated: "Although the Act does not specifically delineate what kind or degree of participation in an infringement is actionable, it has long been held that one may be liable for copyright infringement even though he has not himself performed the protected composition." *Gershwin Publ'g Corp. v. Columbia Artists Mgmt., Inc.*, 443 F. 2d 1159, 1161-62 (2d Cir. 1971).

7

In an earlier Second Circuit case, the Court stated:

> [T]he cases are legion which hold the dance hall proprietor liable for the infringement of copyright resulting from the performance of a musical composition by a band or orchestra whose activities provide the proprietor with a source of customers and enhanced income. He is liable whether the band leader is considered, as a technical matter, an employee, or an independent contractor and whether or not the proprietor has knowledge of the compositions to be played or any control over their selection.

*Shapiro, Bernstein & Co., Inc. v. H.L. Green Co., Inc.*, 316 F. 2d 304, 307 (2d Cir. 1963); *Broadcast Music, Inc. v. The Peppermint Club, Inc.*, 229 U.S.P.Q. 534, 537-38 (N.D. Ohio 1986).

The corporate defendant, Marina View Corporation, is responsible for the tortious actions of its employees under the doctrine of *respondeat superior*. *Wihtol v. Crow*, 309 F.2d 777, 782-783 (8th Cir. 1962); *M. Witmark & Sons v. Calloway*, 22 F.2d 412, 414 (D.Tenn. 1927). See generally F. Harper, F. James & O. Gray, The Law of Torts, §26.3 (2d ed. 1986). *See also* Nimmer on Copyright, §12.04[A].

Not only is Marina View Corporation liable for infringements occurring at Skyline Bar & Grill, but Grimoaldo A. Ruscito, Antonio C. Ruscito and Anthony Ruscito are individually liable. "A corporate officer is jointly and severally liable, with his corporation for copyright infringement if he (1) 'had the right and ability to supervise the infringing activity', and (2) 'has a direct financial interest in such activities'." *The Peppermint Club, Inc.*, 229 U.S.P.Q. at 538, (quoting *Warner Bros., Inc. v. Lobster Pot, Inc.*, 582 F. Supp. 478, 483 (N.D. Ohio 1984)). *See also Nick-O-Val Music Co. v. P.O.S. Radio, Inc.*, 656 F. Supp. 826, 828 (M.D. Fla. 1987); *Milene Music, Inc.* 551 F. Supp. at 1295; *Boz Scaggs Music* 491 F. Supp. at 913-14.

Defendants have admitted that they have the right and ability to control the activities of Skyline Bar & Grill and that they have a direct financial interest in the corporation. Admissions, ¶ 2-4, 9-11, *Pine Belt Inv. Developers, Inc.*, 667 F. Supp. at 1018. They are therefore individually liable,

8

jointly and severally, for the infringements that occurred at the Skyline Bar & Grill.

## II. PLAINTIFFS ARE ENTITLED TO THE RELIEF THEY REQUEST

Plaintiffs request permanent injunctive relief, statutory damages for each of the claims of infringement, costs and reasonable attorneys' fees. Each aspect of the requested relief is briefly discussed below.

### A.     Injunctive Relief

17 U.S.C. § 502(a) provides that the Court may grant final injunctions "to prevent or restrain infringement of a copyright." As one court has stated:

> A permanent injunction is especially appropriate where a threat of continuing infringement exists . . . The threat of continuing infringement is substantial in the present case. Niro's provided unauthorized perfor-mances of copyrighted musical compositions on its premises after receiving oral and written notices of infringement and demands to stop such infringement from BMI. This behavior indicates a willful disregard of copyrights held by BMI and should be permanently enjoined.

*Broadcast Music, Inc. v. Niro's Palace, Inc.*, 619 F. Supp. 958, 963 (N.D. Ill. 1985).

Even where defendants have secured licenses after the time of the infringements, injunctive relief is warranted. In *Milene Music*, the defendants were licensed by the time the court considered the Plaintiffs' Motion for Summary Judgment. The Court granted injunctive relief stating that "[t]he history of defendants' actions . . . exhibits an unfortunate tendency conveniently to ignore, from time to time, . . . the plaintiffs' proprietary rights." 551 F. Supp. at 1295-1296. *See also Sailor Music*, 640 F. Supp. at 634-35.

In the present case, where the Defendants are as yet unlicensed and continue to offer unauthorized performances of music belonging to these Plaintiffs and other BMI members, broad injunctive relief is appropriate and necessary.

### B.     Statutory Damages

The Copyright Act empowers plaintiffs to elect to receive an award of statutory damages in a sum of not less than $750 or more than $30,000 per infringement, in lieu of an award representing their actual damages and/or the defendants' profits. 17 U.S.C. § 504(c)(1). Furthermore, "[i]n a case where the copyright owner sustains the burden of proving . . . that infringement was committed willfully, the court in its discretion may increase the award of statutory damages to a sum of not more than $150,000." 17 U.S.C. § 504(c)(2). Within these statutory limits, the assessment of damages is at the discretion of the court. *See F.W. Woolworth Co. v. Contemporary Arts, Inc.*, 344 U.S. 228, 231-32 (1952). Statutory damages are "designed to discourage wrongful conduct . . . and vindicate the statutory policy." *Id.* at 233. "The court's award should be designed to compensate plaintiffs as well as to punish defendant[s]." *Prater Music v. Williams*, 5 U.S.P.Q.2d 1813, 1816 (W.D. Mo. 1987).

As established in the Stevens Affidavit, when BMI first contacted Anthony Ruscito on February 16, 2004, he was asked to execute a license agreement. Stevens Affidavit ¶3. That request was reiterated many times before the infringements sued on here took place. But to date, BMI has not received a license agreement or any license fees from the Defendants. The amount awarded in statutory damages should not simply replace the license fees that Defendants refused to pay. It should significantly exceed the amount of those license fees. As the court in *Prater Music* held: "If the copyright laws are to have any effect, a judgment against [a] defendant must be appreciably more than the amount he would have had to expend to obtain permission." 5 U.S.P.Q. at 1816. Music users such as these Defendants should be "put on notice that it costs less to obey the copyright laws than to violate them." *Rodgers v. Eighty Four Lumber Co.*, 623 F. Supp. 889, 892 (W.D. Pa. 1985), quoting *Music City Music v. Alfa Foods Ltd.*, 616 F. Supp. 1001, 1003 (E.D. Va. 1985). *See also Broadcast Music, Inc. v. Triple L Vending, Inc.*, 5 U.S.P.Q.2d. 1346, 1349 (W.D. Tex. 1987); *Halnat*

*Pub. Co. v. L.A.P.A., Inc.*, 669 F. Supp. 933 (D. Minn. 1987). Musical performances are obviously important to the operation of Skyline Bar & Grill, or Defendants would not provide musical entertainment for their customers. "If music did not pay, it would be given up." *Herbert v. The Shanley Co.*, 242 U.S. 591, 595 (1917).

The Court, in its discretion, may also augment the amount of statutory damages awarded to reflect the degree of culpability exhibited by Defendants. *See Wow & Flutter Music v. Len's Tom Jones Tavern, Inc.*, 606 F. Supp. 554, 555-57 (W.D.N.Y. 1985). "Where a defendant continues to infringe upon copyrights despite repeated warnings, courts have found defendant's conduct to be willful." *Prater Music* 5 U.S.P.Q.2d at 1815; *accord Int'l Korwin Corp. v. Kowalczyk*, 855 F. 2d. 375 (7th Cir. 1988); *Nick-O-Val Music Co., Inc.*, 656 F. Supp. at 829; *Rodgers*, 623 F. Supp. at 892.

Courts considering awards of statutory damages have recognized that awards in the range of $3,000 per infringement or higher are appropriate in cases where the infringement resulted from deliberate indifference toward copyright laws. *See Sailor Music*, 867 F. Supp. At 570 (upholding an award of $2,000 per infringement for a willful violation); *Unicity Music, Inc. v. Omni Communications, Inc.*, 844 F. Supp. 504 (E.D. Ark. 1994) (awarding statutory damages of $2,500 per infringement for unlicensed broadcasts of 20 copyrighted songs); *Dream Dealers*, 924 F.Supp. at 1153 (awarding $5,000 per violation); *Broadcast Music, Inc. v. Old Colonial Corp.*, 62 U.S.P.Q.2d 1685 (D. Mass. 2002)(awarding $2,200 for each of 12 acts of copyright infringement); *Broadcast Music, Inc. v. Entertainment Complex, Inc.*, 198 F. Supp. 2d 1291 (N.D. Ala. 2002) (awarding $3,909.09 for each of 11 copyright violations).

This is clearly a situation where the Plaintiffs should be awarded damages well in excess of the statutory minimum. The record supports a finding that Defendants deliberately violated the Plaintiffs' rights. As indicated in the Stevens Affidavit, between February 16, 2004 and July 20,

2005, BMI sent over twenty letters to the individual defendants advising them of the need to enter into a license agreement. BMI representatives also telephoned Skyline Bar & Grill on over forty five occasions. Stevens Affidavit, ¶5-9. A BMI representative spoke with defendant Anthony Ruscito and Defendants' attorney Don Orkin on numerous occasions. Stevens Affidavit, ¶9. On December 27, 2004, BMI sent Anthony Ruscito Jr. an overnight letter informing him that he must immediately cease unauthorized performances of BMI-licensed music. Stevens Affidavit, ¶6. Despite this, a BMI investigator noted the performance of twelve BMI-licensed compositions after that date. Stevens Affidavit, ¶11. On June 10, 2005, Mr. Stevens sent a letter to Mr. Ruscito, informing him that infringements had occurred. These infringements occurred on just one night; presumably, many other infringements of BMI music occurred on other nights when BMI's investigator was not present.

Within the limits of $750 and $150,000 per infringement, the amount of any statutory damages award is within the discretion of this Court. 17 U.S.C. §504(c). For the twelve separate acts of infringement described in the Complaint, Plaintiffs request a reasonable total award of $30,000, or $2,500 for each of the twelve acts of infringement. In light of Defendants' repeated, continual and blatant disregard for Plaintiffs' copyrights, such an award is reasonable, justified and an appropriate statutory damages award.

### C.    Attorneys' Fees and Costs

The Copyright Act expressly provides that the "court may also award a reasonable attorney's fee to the prevailing party." 17 U.S.C. §505. Because it is consistent with the purpose of the Copyright Act, courts routinely award the reasonable fees incurred by a plaintiff asserting its rights. *See Triple L Vending, Inc.*, 5 U.S.P.Q. 2d. at 1349-52; *Broadcast Music, Inc. v. Fox Amusement Co.*, 551 F. Supp. 104 (N.D. Ill. 1982); *Milene Music, Inc.* 551 F. Supp. at 1297.

In the present case, the Defendants have intentionally ignored their obligation under the Copyright Act and have forced Plaintiffs to engage in litigation to enforce their rights. Accordingly, Plaintiffs should be awarded full attorneys' fees.

The Copyright Act expressly provides that the court "in its discretion may allow the recovery of full costs by or against any party . . ." 17 U.S.C. §505. Under this provision, the courts have allowed full recovery by the prevailing party of its reasonable costs. *See Milene Music, Inc.* 551 F. Supp. at 1297. There are no factors which would militate against an award of the Plaintiffs' costs in the present case. Such an award is particularly appropriate in light of the Defendants' deliberate misconduct and the statutory purpose of encouraging private enforcement of the Copyright Act. The Mainelli Affidavit summarizes Plaintiffs' attorneys' fees and costs to date. Upon entry of summary judgment it its favor, Plaintiffs will submit an affidavit of counsel setting forth any additional attorneys' fees and costs.

## CONCLUSION

For all of the foregoing reasons, Plaintiffs request that the Court:

(1)    Enter Summary Judgment in their favor against Defendants, jointly and severally;

(2)    Enter an order permanently enjoining Defendants from further acts of infringement;

(3)    Award Plaintiffs statutory damages in an amount not less than $2500 for each of the twelve acts of copyright infringement alleged in the Complaint;

(4)    Award Plaintiffs their full costs;

(5)    Award Plaintiffs their reasonable attorneys' fees; and

(6)    Grant such other and further relief as the Court deems appropriate.

Respectfully submitted,
BROADCAST MUSIC, INC., et al
Plaintiffs,
By their attorneys,


Date: July 26, 2006

/s/ Amy C. Mainelli_____
William S. Strong, Esq. BBO#483520
Amy C. Mainelli, Esq. BBO #657201
Kotin, Crabtree & Strong
One Bowdoin Square
Boston, MA 02114
(617) 227-7031
Fax: (617)367-2988

## CERTIFICATE OF SERVICE

I, Amy C. Mainelli, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent by first class mail to those indicated as non registered participants on July 26, 2006.

/s/ Amy C. Mainelli_____
Amy C. Mainelli

14