UNITED STATES DISTRICT COURT
for the
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BROADCAST MUSIC, INC.; UNIVERSAL-SONGS OF POLYGRAM INTERNATIONAL, INC.; SONY/ATV SONGS LLC d/b/a SONY/ATV TREE PUBLISHING; DYNATONE PUBLISHING COMPANY; RONDOR MUSIC INTERNATIONAL, INC. d/b/a IRVING MUSIC; JAMES WILLIAM BUFFETT a/k/a JIMMY BUFFETT, an individual d/b/a CORAL REEFER MUSIC; FOUR- TEENTH HOUR MUSIC INC.; SPRINGTIME MUSIC, INC.; EMI VIRGIN SONGS, INC. d/b/a EMI FULL NELSON MUSIC; FREDERICK S. BIENSTOCK and HAMMERSTEIN MUSIC & THEATRE COMPANY, INC., a Connecticut Partnership d/b/a EDWARD B.MARKS MUSIC COMPANY; DANDELION MUSIC CO., A Division of JAMIE MUSIC PUBLISHING CO.; PRONTO MUSIC, a division of COTILLION MUSIC, INC.; QUINON R. IVY d/b/a QUINVY MUSIC PUBLISHING CO.; WARNER-TAMERLANE PUBLISHING CORP.; JEFF TROTT d/b/a TROTTSKY MUSIC; SHERYL SUZANNE CROW d/b/a OLD CROW MUSIC; SONGS OF UNIVERSAL, INC.; LISA ANNE LOEB, an Individual d/b/a FURIOUS ROSE MUSIC; JUAN P. PATINO, an individual d/b/a JUAN PATINO MUSIC PUBLISHING,<br><br>Plaintiffs,<br><br>v.<br><br>MARINA VIEW CORPORATION d/b/a SKYLINE BAR & GRILL, GRIMOALDO A. RUSCITO, ANTONIO C. RUSCITO and ANTHONY RUSCITO, each individually,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>Civil Action No.: 05 11845 RCL<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## AFFIDAVIT OF AMY C. MAINELLI

I, Amy C. Mainelli, hereby under the pains and penalties of perjury depose and say:

1. I am an associate at Kotin, Crabtree and Strong, LLP, counsel to plaintiffs Broadcast Music, Inc. et al in this action. This Affidavit is submitted in support of Plaintiffs' Motion for Summary Judgment.

2. On February 22, 2006, I served upon defendants, by mail, Plaintiffs' First Request for Admissions to Defendants. A copy of such document is attached as Exhibit A to the Affidavit of Judith M. Saffer, submitted herewith.

3. The deadline for response to plaintiffs' Request for Admissions passed on or about March 27, 2006. In the interest of settling this case, I continued to speak with defendants' counsel about possible settlement, reminding him that unless we settled he would have to answer these and other long-outstanding discovery demands. During the month of May, 2006, I had several telephone discussions with counsel for the defendants concerning these matters and made a formal settlement offer or demand. At no time did he deny that his client was seriously in arrears in responding to our Request for Admissions and other discovery demands.

4. Defendants responded to plaintiffs' settlement offer, but the parties were unable to reach agreement. I informed defendants' counsel their most recent settlement offer was unacceptable and they promised to get back to plaintiffs with a counter offer or additional financial information.

5. We received no further response. Our clients, having had enough of defendants' inaction and evasion, authorized us to file a motion for summary judgment, relying upon the provision of Rule 36 that any requests for admission not answered or objected to within 30 days are deemed admitted.

2

6. I advised defendants' counsel on June 27, 2006 that unless we received a response to our most recent settlement demand, we would have no choice but to file the present Motion for Summary Judgment. Counsel negotiated back and forth and plaintiffs confirmed their most recent demand on July 13, 2006.

7. After receiving no additional substantive response from defendants, I informed defendants' counsel on July 25, 2006 that unless we heard from defendants in the next day, we would go ahead and file the Motion for Summary Judgment. We received no further response.

8. At no time, up to and including the date of this Affidavit, have I received any response from defendants to Plaintiffs' First Request for Admissions to Defendant, despite the passage of over five months from the date of service.

9. As of the date of this Affidavit, the legal fees and costs accrued in this action, including bills rendered by my firm and time and expenses logged but not yet billed, total $4,444.47.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY at Boston, Massachusetts.

Date: July 26, 2006

/s/ Amy C. Mainelli
Amy C. Mainelli